UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACQUEL MARIE SANCHEZ,

    Plaintiff,

v.                                                               Case No. 8:19-cv-01696-T-02SPF

CHAD CHRONISTER, as Sheriff of
Hillsborough County, Florida, in his official
capacity; and DEAN GREENE, II, in his
individual capacity,

    Defendants.
_____/

## ORDER

This matter comes to the Court on a Second Motion to Dismiss filed by the Defendants, Chad Chronister and Dean Greene. Dkt. 28. Plaintiff, Racquel Sanchez, filed a response to this motion, Dkt. 30, to which Defendants replied, Dkt. 32. The Court denies the Defendants' Motion to Dismiss. Dkt. 28.

## BACKGROUND

As relevant for the purposes of this Order, Ms. Sanchez alleges the following facts. Ms. Sanchez was the driver of a vehicle that was detained by a group of Hillsborough County Sheriff's deputies—including Defendant Greene—during a stolen firearm "buy-bust" operation. Dkt. 26 ¶¶ 9 & 13. Ms. Sanchez alleges that, despite her complete compliance with the deputies, at some point

1

during the detention Defendant Greene's firearm discharged and struck her in the left thigh. *Id.* ¶¶ 21–27. Ms. Sanchez alleges that Defendant Greene indicated to Sheriff's Sergeant Christopher Rule that the discharge of the firearm was intentional. *Id.* ¶ 30.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

Defendants argue that Count II of Ms. Sanchez's Amended Complaint, Dkt. 26, a claim for negligence, must be dismissed. Dkt. 28 at 3. Defendants argue that Count II alleges a claim of negligence based on an intentional tort, which is not recognized as a cause of action under Florida law. *Id.* Ms. Sanchez argues that Count II of her Amended Complaint is merely an alternative pleading to her first

count, alleging an intentional tort related to excessive force by Defendant Greene. Dkt. 30 at 2.

As Defendants note, Florida does not recognize "negligent use of excessive force." *See City of Miami v. Sanders*, 672 So. 2d 46, 47–48 (Fla. 3d DCA 1996) ("[I]t is not possible to have a cause of action for 'negligent' use of excessive force because there is no such thing as the 'negligent' commission of an 'intentional' tort."). "Florida law, however, clearly recognizes a cause of action for the negligent handling of a firearm and the negligent decision to use a firearm separate and distinct from an excessive force claim." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1263 (11th Cir. 2001); *see also Trianon Park Condo. Ass'n, Inc. v. City of Hialeah,* 468 So. 2d 912, 920 (Fla. 1985) (recognizing that existing common law duties of care apply to government employees in "the handling of firearms during the course of their employment to enforce compliance with the law"). Further, these separate negligence claims can be brought in conjunction with claims of intentional torts so long as the negligence relates to something other than the actual use of force. *See Mazzilli v. Doud*, 485 So. 2d 477, 479–80 (Fla. 3d DCA) (upholding negligence claims—brought in conjunction with intentional torts—arising from law enforcement failure to exercise reasonable care when utilizing firearms), *rev. dismissed*, 492 So. 2d 1333 (Fla. 1986).

Count II of the Complaint alleges an alternate possibility that rather than intentionally discharging his firearm Detective Greene accidently discharged his firearm—clearly a recognized cause of action under Florida law. In fact, in their Answer Defendants state, as an affirmative defense, that "Detective Greene's discharge of his firearm was purely accidental." Dkt. 29 at 4. The allegations related to negligence are separate and distinct from the allegations regarding the intentional tort claim because they are alternative claims—meaning, at most, only one of the claims could be true.

And, as both parties acknowledge, pleading in the alternative is acceptable. Dkts. 30 at 2 & 32 at 2; *see* Fed. R. Civ. P. 8(d)(2). At this stage of the proceedings the facts surrounding Detective Greene shooting Ms. Sanchez are unclear. It may very well turn out that Detective Greene intentional discharged his weapon or that it was entirely an accidental slip of his finger. Ms. Sanchez can plead both of these claims and adjust accordingly should either scenario turn out to be accurate. As such, Count II states a viable claim for relief from negligence on the part of the Defendants.

CONCLUSION

For the reasons stated above, this Court denies Defendants' Motion to Dismiss. Dkt. 28. Defendants shall file their answer and defenses within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on October 11, 2019.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record